Norris, J.
This case comes in this court by appeal. Some time before April 6th, 1894, one Samuel Whistler, late of this county, died intestate and left Julia Ann Whistler, his widow, and the other defendants, his only children and heirs at law. Samuel Whistler died seized of property, real and personal, to the value of about $16,000, about $7,000 of which was personal. A part of his real estate was 491-acres of land, and the homestead consisting of house and lot.
On the 6th of April, 1894, by a written agreement, defendants, the widow and heirs of Samuel Whistler, who had in this property the next immediate estate of inheritance, and who were all of age, made amicable partition of this estate, executed deeds to each other, and undertook to set off and assign to Julia Ann Whistler, the widow, her dower interest in the property. The agreement which purported to be the voluntary assignment of dower to this widow by writing under the hands of these heirs, was never *132 indorsed by the written approval of the probate judge of this county. The widow is a party to and signed this agreement. Since the date of this alleged assignment of dower the widow has been in possession of this property, made valuable and lasting improvements upon it, received its rents and profits, kept it in repair and paid the taxes, and has ever since and still claims it as her dower interest in her deceased husband’s estate. She has conveyed and released to her children all her interest in the residue of his property,real and personal.
In December, 1896, by the consideration of the court of common pleas of Wood county, one A. B. Landis recovered a judgment against A. D. Whistler, one of these heirs, and caused an execution to issue upon said judgment, which was levied on the undivided one sixth part of this real estate so set off to the widow, which the judgment creditor claims is the interest of A. D. Whistler as tenant in common. The judgment was assigned by Landis to one George W. Ozias. To subject this property to the judgment, an action was commenced by Ozias in the common pleas of this county, the petition in which recites that the judgment debtor, A. D. Whistler, is seized in fee simple of the one undivided sixth part of this property, subject to the dower of Julia Ann Whistler as the widow of Samuel Whistler, deceased, and asks that the liens be marshalled and that the interest of said judgment debtor be sold to satisfy the judgment. To that action Julia Ann Whistler was made a party, and made default for answer,and did not defend. Other defendant lien holders answered in that case, among them the plaintiff in this case, F. S. Smith, setting up their respective liens, asking that the interest of A. D, Whistler in the property be sold and the proceeds distributed to the respective claimants.
Such proceedings were had in this case of Ozias against A. D. Whistler aqd others, that the interest of A. D. Whist *133 ler in this 49-| acres and the homestead was sold, subject to the dower interest of Julia Ann Whistler. At this sale the plaintiff F. S. Smith became the purchaser, and as such purchaser, and under the title so acquired, he demands partition of the property in the action at bar, of which he claims the one undivided sixth part; and concedes that Julia Ann Whistler, as the widow of said Samuel Whistler, deceased, is entitled to dower, and asks that his interest be set off to him in severalty, or in the alternative, that the premises be sold.
To this petition of Smith, Julia Ann Whistler answers and sets up the contract between herself and her children heretofore recited, her compliance with all of its terms, one of which was her release and conveyance to the children of all her dower interest in the residue of the estate of her deceased husband. That she was put in possession under the contract of the property here sought to be partitioned, and that she is still in possession; that she has made valuable improvements upon the faith of all this, and she holds up the contract and her performance and possession as the legitimate assignment of her dower in her husband’s estate rounded up in the premises described in the petition, and denies Smith’s right to the possession of any of . it, and asserts that whatever his interest be, it is subject to her life estate as doweress.
The plaintiff replies and admits the execution of the contract, but denies that it extends the estate of Mrs. Whistler-beyond a mere statutory dower in the property described in the petition. He pleads the adjudication in the Ozias case as conclusive against her claim,and as barring her from asserting any interest other or further than her dower which he says is recognized in the petition.
These issues being submitted to the court of common pleas, resulted in a denial of partition, a dismissal of Smith’s petition,and an affirmance of the contract as the evidence of. *134 Mrs. Whisler’s life estate in the property. From this judgment and finding of the common pleas, the plaintiff Smith takes his appeal, and upon the pleadings and evidence submits the issues here.
It is insisted by the plaintiff that the judgment of the common pleas in the case of Ozias against Whistler fully adjudicates her rights in the property in controversy, and that said adjudication was adverse to her claim as she here asserts it. There was no issue made as to her dower right in that action; the petition declares it; the finding of the court postponed the interest of A. D. Whistler to it, and the land was sold subject to it. Her default was a silent acknowledgment that she was thus interested in this property, and she still claims to be.
It is true that while a plaintiff, in marshalling liens, is “not required to set out another lien holder’s cause of action and the facts which constitute his claim,” yet he must, at the same time, in order that the proceeding may constitute a bar, at least, by naked assertion, or by setting up a state of facts which will bear the conclusion, advise the party to the suit that his interest will be barred if he fail to disclose it. And where the plaintiff does attempt in his petition to define such person’s interest in the property sought to be subjected to his own lien, he must, in order to preclude him, allege facts admitting of no misconstruction, which will make it appear that their interests are adverse, and that there is issue between them, in the determination of which the rights of such person in the property will be in some way affected. And in order to bar such person, it must appear by the record, pleaded in bar, that the judgment of the court is based upon the facts so pleaded, either as they are shown by the evidence, or are undenied in the controversy.
Case No. 12347 of Ozias against Whistler, the record of which is interposed by the plaintiff to estop this woman *135 from asserting her rights under this written agreement, which she claims to have been the voluntary assignment of her dower in her husband’s estate, rested solely upon the petition. It is the lone pleading in that case that mentions her in any way, or alludes to her rights; and nobody answers who does not acquiesce in it, in so far as it concerns her.
In that petition no issue is raised between Ozias and Julia Ann Whistler. No party to that action was seeking to disturb her interest, and could not if he would. She was not a claimant whose lien could be shuffled to one side or the other, by a determination of priorities; she was not a lien holder at all, but she was fhe owner of the most favored estate that could attach to the property. She claimed to hold her property by virtue of being the doweress of Samuel Whistler. The petition does not in any sense, set up a claim that can by sophistry or construction controvert this assertion. Upon the contrary, it acceeds to it, and alleges it, and the court in its decree declares it in terms; to which the facts, as she avers them, are equally as applicable,as is the claim that her interest touches only the statutory dower in the realty. So that we are not of the opinion that the judgment in case No. 12847 debars her from claiming as she claims in this case.
It is urged by the plaintiff that the writing between Julia Ann Whistler and her children, — those who took the next immediate estate of inheritance in this property, —is not a voluntary assignment of dower as contemplated by law; that it does not comply with section 5707 of the Revised Statutes in this: That the evidence faifs to establish that the
property is not incumbered.
If the voluntary assignment of dower in this land is open to this attack, the fact of incumbrance which precludes assignment is a matter of affirmative defense to this widow’s claim, and in order to defeat an assignment that had gone *136 into effect so far as the acts of the parties could make it effective, it should, to be of avail to the assaulting party, by him be made to appear, that this condition which preceded a voluntary assignment, existed at the time this writing was executed. But this can be of little moment, as the evidence does disclose that the estate of Samuel Whistler was not a debtor estate.
It is claimed that this attempted assignment of dower was never approved by the probate judge of this county, and hence binds nobody. This widow is not attacking this assignment of dower, nor are these heirs, nor is any creditor of this estate, It is assailed by one who is subrogated to a creditor of one of these heirs who signed the contract and who put his mother in possession, and who, as the facts show, received all the benefits of the residue of this estate, thus stripped of her dower, to which he was entitled; and this before the judgment was rendered and before the debt was created. This creditor must stand or fall by his debtor, whose acts and rights and knowledge are his. What sort of a figure would he cut, this son who made this agreement, took his mother’s dower interest in the rest of the estate and spent it, put her in possession of the land hewed out of Isaac Whistler’s estate as and for her dower interest in the estate, saw her make improvements and repairs, and pay taxes, and enjoy the profits, and treat it, and consider it, arid accepted it, as her assignment of dower; what sort of an onslaught could he make upon the old lady’s rights, as vouchsafed by his agreement? Surely none that would disturb her much. How could he, or one who claims under him, avail himself of the omission of the probate court to approve in writing a contract that he had solemnly made and executed so far as he could execute it, and upon the faith of which the old lady had taken possession, made valuable and lasting improvements, and conveyed to him valuable interests. The question is not answerable either in equity¿or in law.
*137 The approval of the probate judge, as contemplated in section 5707, is evidently for the protection of the widow that she may not be imposed upon; to see thát the heirs are dealt with fairly, and that the minors who are bound in a proceeding of this sort by the act of their guardian, are not overreached. Creditors of a deceased person might have rights that could be jeopardized by an unfair assignment of dower. Nothing but this interposition of the judge could prevent the heirs from giving all the property of an estate to a widow under such an assignment if they were so disposed. And that no injustice to any of the interested parties be the consequence, a proceeding of this sort is kept under the supervision of the probate court.
It does not appear that the estate of Samuel Whistler owed any debts, and it is not claimed that this assignment of dower is unjust or inequitable. So far as it relates to these heirs, indeed it would seem that had dower been assigned to her by the ordinary method, she would have received more than the value of this life estate. The written approval of the probate judge, so far as the good faith of this proceeding, and the fairness of this assignment is concerned, is a formality that in this instance would change nothing; and in the face of the fact that all parties have complied with the agreement, this objection in the mouth of the plaintiff avails him nothing.
It is deemed by the plaintiff fatal to this assignment of dower, that the widow did not accept it in writing on the contract. A sufficient answer to this is that she does accept it in writing on the contract; she is a party to and signs the agreement, and by every act since has approved it, and here endeavors to enforce it. We would think this a compliance with the requirement of the statute in that regard. So as the matter looks to us, we find for the defendant Julia Ann Whistler upon the answer, and against the plaintiff, *138 dismiss his petition, adjudge the costs against him, award execution, and remand the cause for execution.
II. II. Barber, A. G. Fuller, W. F. Briokman, for Plaintiff.
John Poe, for Defendant.